## SAN RAFAEL FREIGHT & TRANSFER CO. v. COLUMBIA STEEL CORPORATION.

Circuit Court of Appeals, Ninth Circuit.
July 1, 1929.

No. 5761.

Louis T. Hengstler and Frederick W. Dorr, both of San Francisco, Cal., for appellant.

Harris K. Lyle, Joseph B. McKeon, and Farnham P. Griffiths, all of San Francisco, Cal. (McCutchen, Olney, Mannon & Greene, of San Francisco, Cal., of counsel), for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. August 16, 1927, the Columbia Steel Corporation employed the San Rafael Freight & Transfer Company to transport a quantity of steel rolls from the plant of the steel company at Pittsburg, Cal., to the port of San Francisco. Pursuant to this employment, the barge Jennie and Edna, in tow of a tug, was dispatched to Pittsburg to do the work. In the loading of the steel rolls onto the barge, an employee of the steel company operated the crane on the wharf, by means of which the rolls were lifted from the dock and placed on board the barge. The movement of the crane and the placing of the rolls was under the direction and supervision of the captain of the barge. In the course of the work, and after 17 or 18 rolls had been loaded, the barge turned over, and 17 of the rolls fell into the river. The present libel was thereupon filed to recover the cost of salvaging the steel rolls. From a decree in favor of the libelant, the respondent has appealed.

In support of the appeal it is earnestly insisted that in the case of a private carrier there is no presumption of negligence from the mere loss of merchandise, and that the burden of proof in such cases is upon the party charging negligence. Conceding this to be the rule, the appellee did not rest its case on the mere presumption of negligence arising from the accident. The court below was in full possession of all the facts and surrounding circumstances. Only two persons and some simple machinery were employed in the work of loading the barge. One of the persons thus employed was the servant of the appellee, and the machinery employed belonged to that company. The other person employed was the captain of the barge who had supervision of the work of loading. The person who operated the crane was free from negligence, there was no defect in the machinery, and the court below was not compelled to find that the capsizing of the barge in still water was an unavoidable accident. The only other alternative was negligence on the part of the captain who had supervision of the loading, and a finding that he was negligent was amply warranted by the testimony.

The allowance of $80 for the services of the surveyor was improper. The surveyor was employed by the underwriters, and whatever he did in the premises was done as their

servant, not as the servant of the appellee. The appellee did not employ him, and was in no way responsible for his services. The decree of the court below must therefore be modified by disallowing the item of $80, with interest as computed in the decree, and, as thus modified, the decree is affirmed, without costs to either party.